UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN MURPHY<br><br>    Plaintiff,<br><br>    v.<br><br>EISAI, Inc. and EISAI, Ltd.<br><br>    Defendants. | Civ. No. 19-17552 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the court is the motion of the defendants EISAI, Inc. ("EISAI US") and EISAI, Ltd. ("EISAI UK"), (collectively, "EISAI") for sanctions against the plaintiff, Sean Murphy. This motion for sanctions was filed before I granted EISAI's motion to dismiss Mr. Murphy's complaint for lack of personal jurisdiction and failure to state a claim on November 28, 2020. (DE 35; DE 36.) The dismissal was granted without prejudice to amendment within 30 days, but Mr. Murphy did not file a motion to amend. I therefore dismissed the complaint with prejudice on April 8, 2021. (DE 44.) This motion for sanctions is thus the only matter that remains active in this case. For the reasons set forth below, it is **DENIED**.

## I. BACKGROUND

Defendant EISAI UK is an entity headquartered in England, and defendant EISAI US is an entity headquartered in New Jersey. (DE 1 ¶¶ 2–3.) Mr. Murphy was hired as a subcontractor by EISAI UK in 2018. (*Id.* ¶ 11.) Mr. Murphy claimed that both defendants discriminated against him by refusing to provide him a sit-stand desk, and that they retaliated against him for requesting a sit-stand desk by firing him. (DE 35 at 2–3.) He brought claims pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, alleging disability discrimination and retaliation against both defendants. (*Id.* at 3.)

I dismissed Mr. Murphy's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), because I concluded that the Rehabilitation Act does not have extraterritorial application. (*Id.* at 7.) I noted "substantial case law, including a non-precedential Third Circuit case," which had held that "the Rehabilitation Act does not have extraterritorial scope." (*Id.* at 8 (citing *Archut v. Ross Univ. Sch. of Veterinary Med.*, 580 Fed. Appx. 90 (3d Cir. 2014), *aff'g with approval* 2013 WL 5913675 (D.N.J. Oct. 31, 2013); *Oluwamuyiwa Awodiya v. Ross Univ. Sch. of Med.*, 391 F. Supp. 1098, 1106–07 (S.D. Fla. 2019); *Galligan v. Adtalem Global Educ., Inc.*, 2019 U.S. Dist. LEXIS 17218 at *6–7 (N.D. Ill. 2019)).) I concluded this case did not involve a domestic application of the Rehabilitation Act because the "focus" of the Rehabilitation Act was EISAI's alleged refusal to provide a reasonable accommodation and its alleged retaliation, all of which occurred in the United Kingdom. (*Id.* at 10–12.)

Mr. Murphy claimed the decision to fire him was made, not by the UK entity, but by EISAI US. He produced an email exchange with an EISAI US human resources employee, purportedly on August 28, 2018, and noted that he was fired on the 29th. (*Id.* at 13.) He claimed that the "temporal proximity" of his firing to the email suggested that EISAI US employees made the decision to fire him. (*Id.*) As I noted, inspection of the timestamps on the emails in question indicated that they were not actually sent on August 28. (*Id.*) Furthermore the emails did not show that EISAI US had anything to do with Mr. Murphy's firing. In fact, they indicated that Mr. Murphy unilaterally emailed EISAI US, which did not employ him, demanding a sit-stand desk, and EISAI US responded that it was not his employer and had no authority to change his work conditions. (*Id.* at 15.)

As against EISAI UK only, I dismissed Mr. Murphy's claims for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2) because none of the facts of the case occurred in this district and EISAI UK was not "at home" in New Jersey. (DE 35 at 18–23.)

## II.   DISCUSSION

### A. Standard of Review

Rule 11 of the Federal Rules of Civil Procedure requires that any "pleading, written motion, or other paper" filed or submitted to the Court 'not be[] presented for any improper purpose, such as to harass, cause unnecessary delayed, or needlessly increase the cost of litigation.'" Fed. R. Civ. P. 11(b). The goal of Rule 11 is accountability, *Keister v. PPL Corporation*, 667 Fed. Appx. 63, 68 (3d Cir. 2017), and its central purpose is to deter baseless filings, *Howe v. Litwack*, 579 Fed. Appx. 110, 115 (3d Cir. 2014). Rule 11 "does not function as an automatic penalty for losing and should not be applied to adventuresome, though responsible, lawyering that advocates creative legal theories." *Skoorka v. Kean Univ.*, 2017 WL 6539449 at *3 (D.N.J. Dec. 21, 2017).

"It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls with the sound discretion of the District Court." *Brubaker Kitchens, Inc. v. Brown*, 280 Fed. Appx. 174, 185 (3d Cir. 2008) (quoting *Garry v. Braddock Cemetery*, 517 F.3d 195, 201 n.6 (3d Cir. 2008)). Rule 11 "is not an appropriate vehicle for resolving legal or factual disputes," or "addressing the strength or merits of a claim." *Strikeforce Techs., Inc. v. WhiteSky Inc.*, 2013 WL 5574643 at *4 (D.N.J. Oct. 9, 2013). "Thus, the mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). "Sanctions are not warranted merely because claims are weak. Nor would I impose sanctions merely because a party's allegations were ineptly or confusingly presented. Indeed, to grant sanctions on this basis risks chilling legitimate advocacy." *Cresci v. Gyess*, 2019 WL 1529964 at *4 (D.N.J. Apr. 8, 2019). The Rehabilitation Act itself provides that a court "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).

3

### B. Motion for Sanctions

EISAI asserts that sanctions are appropriate because Mr. Murphy's claims lacked any factual or legal basis. EISAI claims that it repeatedly warned Mr. Murphy and his counsel that his claims were baseless and would prompt a sanctions motion, but Mr. Murphy disregarded those warnings. (DE 37-1 at 9.)

I agree that Mr. Murphy's claims were weak and ineptly presented. Granting sanctions here would, however, pose the risk of chilling legitimate advocacy. Mr. Murphy was entitled to seek a remedy for what he believed was illegal discrimination. And it was not the nature of the acts, but rather their location in the UK, that accounted for the dismissal. Though his claim was not meritorious, granting this motion might inhibit future plaintiffs with better claims from coming forward.

I also note that Mr. Murphy and his counsel did attempt to prove their case. They clearly engaged in pre-suit investigation of the facts, such as by identifying emails from the defendants which they believed contained evidence of illegal discrimination. While they seemingly misinterpreted some of those facts, motions for sanctions are not meant to serve as punishment for factual mistakes.

Similarly, while there was an substantial array of case law weighing against the assertion that the Rehabilitation Act has extraterritorial application, the only Third Circuit decisions on point were unpublished and thus lacked binding effect. So at least it may be said that these claims did not fly in the face of binding authority. In any event, the law's development would be unfortunately stunted if parties put themselves at risk of sanctions every time they sought to challenge existing legal paradigms. *See Dirauf v. Berger*, __ F. Supp. 3d __, 2020 WL 7310621 at *11 (D.N.J. Dec. 11, 2020) (no sanctions for assertion that 200-year-old precedent was wrongly decided).

Given the statute's lack of territorial application, the personal jurisdiction issue would not have been significant even if wrongly decided. Plaintiff's position rested on the contention that EISAI US exerted control over EISAI UK or over plaintiff's job conditions in the UK. This theory failed

factually, but, again, sanctions are not appropriate simply because plaintiff's arguments are weak.[1]

Finally, I note that the case was dismissed at an early stage, and that Mr. Murphy did not prolong proceedings by seeking reconsideration.

For the same reasons, I exercise my discretion to deny EISAI's request for fees under the Rehabilitation Act.

### III. CONCLUSION

For the reasons set forth above, EISAI's motion for sanctions is **DENIED**.

A separate order will issue.

Dated: April 9, 2021

/s/ Kevin McNulty

_____
**Hon. Kevin McNulty**
**United States District Judge**

---

[1] I also deny Mr. Murphy's request in his opposition that I impose $2,500 in costs for the "bad faith" filing of this motion. (DE 38 at 6) Merely dropping such a request into responding papers has no effect. It might more logically have been filed as a cross motion, Loc. Civ. R. 7.1(h)). At any rate, the request would be denied. Mr. Murphy should frankly be grateful that he has escaped having sanctions imposed against him; certainly EISAI did not lack a reasonable basis for bringing its motion for sanctions.